1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9 AT SEATTLE

10 JAMIE WALLIN, | CASE NO. C12-1339-MJP

11           Petitioner, | ORDER DENYING PETITIONER'S
HABEAS PETITION WITH
12   v. | PREJUDICE

13 STEVE SINCLAIR,

14           Respondent.

15

16       This matter comes before the Court on Petitioner's objections to the Honorable Mary

17 Alice Theiler, United States Magistrate Judge's Report and Recommendation.  (Dkt. No. 25.)

18 Having reviewed Petitioner's petition for writ of habeas corpus (Dkt. No. 1), the Report and

19 Recommendation (Dkt. No. 24), Respondent's response brief (Dkt. No. 26), and the remaining

20 record, the Court ADOPTS the Report and Recommendation and DISMISSES this action.

21       Petitioner was convicted by a Snohomish County jury of two counts of first-degree child

22 rape and two counts of first-degree child molestation.  He is currently serving a life sentence

23 without the possibility of parole.  (Dkt. No. 18.)  He proceeds with this habeas petition under 28

24 U.S.C. §2254 and raises nine grounds for relief.  (Dkt. No. 9.)  After reviewing the record from

1    the state-courts, the Report and Recommendation ("R&R") recommended this Court find Wallin

2    exhausted his state-court remedies, but the claimed errors lack merit.  (Dkt. No. 24.) Wallin

3    objects to the R&R on the grounds an evidentiary hearing was required.  (Dkt. No. 24.)

4         This Court adopts the R&R because Judge Theiler correctly deferred to the state-courts'

5    decisions and no evidentiary hearing is needed on any of his claims.  For starters, three of

6    Wallin's claimed errors address purely legal issues: double jeopardy, adequacy of charging

7    document/jury instructions, and admission of jail informant testimony.  Further development of

8    the factual record will not aid in answering these legal questions.  As to the other habeas claims,

9    none require an evidentiary hearing.  Claim 7 addresses the testimony of Wallin's victim.   Judge

10   Theiler correctly noted no evidentiary hearing is needed because the argument mainly consisted

11   of pointing out inconsistencies in that testimony in an attempt to demonstrate it was false.

12   Likewise, Wallin's claim the government failed to turn over exculpatory evidence also does not

13   require an evidentiary hearing because the state-court record was adequate. On Claim 9, relating

14   to prosecutorial vindictiveness, Judge Theiler correctly found Wallin's claim too conclusory to

15   show a likelihood of success on the merits and found objective evidence rebutted the claim.

16   Finally, on the ineffective assistance of counsel claims, the state-court record was adequate

17   because the claimed inadequacy on the part of counsel either could be resolved on legal

18   principles or were meritless.  An evidentiary hearing was not required on this Habeas petition.

19        Having found the objections lack merit, the Court finds and Orders:

20        (1)     The Court adopts the R&R;

21        (2)     Petitioner's habeas petition is DENIED, and this action is DISMISSED, with

22   prejudice;

23        (3)     Petitioner is DENIED issuance of a certificate of appealability, and

24

1      (4)    The Clerk is directed to send copies of this Order to petitioner, to counsel for

2 respondent, and to Judge Theiler.

3      Dated this <u>29th</u> day of May, 2013.

 

Marsha J. Pechman
Chief United States District Judge