UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMIE WALLIN,<br><br>    Petitioner,<br><br>    v.<br><br>STEVE SINCLAIR,<br><br>    Respondent. | CASE NO. C12-1339-MJP<br><br>ORDER DENYING PETITIONER'S HABEAS PETITION WITH PREJUDICE |

This matter comes before the Court on Petitioner's objections to the Honorable Mary Alice Theiler, United States Magistrate Judge's Report and Recommendation. (Dkt. No. 25.) Having reviewed Petitioner's petition for writ of habeas corpus (Dkt. No. 1), the Report and Recommendation (Dkt. No. 24), Respondent's response brief (Dkt. No. 26), and the remaining record, the Court ADOPTS the Report and Recommendation and DISMISSES this action.

Petitioner was convicted by a Snohomish County jury of two counts of first-degree child rape and two counts of first-degree child molestation. He is currently serving a life sentence without the possibility of parole. (Dkt. No. 18.) He proceeds with this habeas petition under 28 U.S.C. §2254 and raises nine grounds for relief. (Dkt. No. 9.) After reviewing the record from

the state-courts, the Report and Recommendation ("R&R") recommended this Court find Wallin exhausted his state-court remedies, but the claimed errors lack merit. (Dkt. No. 24.) Wallin objects to the R&R on the grounds an evidentiary hearing was required. (Dkt. No. 24.)

     This Court adopts the R&R because Judge Theiler correctly deferred to the state-courts' decisions and no evidentiary hearing is needed on any of his claims. For starters, three of Wallin's claimed errors address purely legal issues: double jeopardy, adequacy of charging document/jury instructions, and admission of jail informant testimony. Further development of the factual record will not aid in answering these legal questions. As to the other habeas claims, none require an evidentiary hearing. Claim 7 addresses the testimony of Wallin's victim. Judge Theiler correctly noted no evidentiary hearing is needed because the argument mainly consisted of pointing out inconsistencies in that testimony in an attempt to demonstrate it was false. Likewise, Wallin's claim the government failed to turn over exculpatory evidence also does not require an evidentiary hearing because the state-court record was adequate. On Claim 9, relating to prosecutorial vindictiveness, Judge Theiler correctly found Wallin's claim too conclusory to show a likelihood of success on the merits and found objective evidence rebutted the claim. Finally, on the ineffective assistance of counsel claims, the state-court record was adequate because the claimed inadequacy on the part of counsel either could be resolved on legal principles or were meritless. An evidentiary hearing was not required on this Habeas petition.

     Having found the objections lack merit, the Court finds and Orders:

(1)     The Court adopts the R&R;

(2)     Petitioner's habeas petition is DENIED, and this action is DISMISSED, with prejudice;

(3)     Petitioner is DENIED issuance of a certificate of appealability, and

ORDER DENYING PETITIONER'S HABEAS
PETITION WITH PREJUDICE- 2

1      (4)    The Clerk is directed to send copies of this Order to petitioner, to counsel for respondent, and to Judge Theiler.

Dated this 29th day of May, 2013.

                                      Marsha J. Pechman
                                      Chief United States District Judge

ORDER DENYING PETITIONER'S HABEAS
PETITION WITH PREJUDICE- 3